## HANNESS v. SMITH AND BONNEL.

1. If there be an attachment against A. and another against A. and B. in the hands of the same sheriff who attaches the goods of A. on both writs, it is irregular on dissolving the attachments to take one bond for the return of the goods attached in both suits. There should be a separate bond in each suit. But this does not vitiate the bond; the recital of the second writ will be considered surplusage.

2. If a creditor in attachment, to whom such bond is assigned, in declaring thereon, allege that he applied to the court, and obtained judgment against A:, in such proceeding it is a sufficient averment, that he applied in the suit against A. alone.

3. It is not necessary that it should be averred in such suit, that the plaintiff applied to the court before the attachment was dissolved; the defendant is precluded from disputing that, by accepting a declaration in the attachment suit.

4. The bond, on the dissolution of an attachment, is for the benefit of, and can be prosecuted by any other creditor applying, as well as the plaintiff in attachment: the amount recovered is for the benefit of all applying creditors.

5. A breach is sufficiently set forth, if laid in the words of the condition.

Debt on attachment bond.

The declaration was as follows :

For that whereas heretofore, *to wit*, on March 11, 1847, one Patrick O'Hagan sued and prosecuted, out of the Supreme Court of Judicature of the state of New Jersey, against the said Charles Smith, a certain writ of attachment, directed to the sheriff of the county of Morris, whereby the said sheriff of, &c., was commanded to attach the said C. S., by all his goods and chattels, rights and credits, moneys and effects, lands and tenements, &c., and them safely keep, so that he be and appear before the justices of the Supreme Court of Judicature, at Trenton, on the first Tuesday of April, to answer to the said P. O'H. of a plea, &c. ; which said writ of attachment was afterwards, *to wit*, at Trenton aforesaid, in due form of law, delivered to H. D. F., esq., sheriff of, &c., to be executed according to law ; by virtue of which said writ of attachment, the said H. D. F., so being sheriff as aforesaid, afterwards, and before the return of the said writ, on March 13, 1847, at M., in the county of M., according to the form of the statute in such case made and provided, did seize and attach certain personal property of the said C. S., *to wit*, (enumerating the goods attached) ; which said goods and chattels were, by the said sheriff and one discreet and impartial freeholder, justly and truly inventoried and appraised, according to the statute, at the sum of $3404.34, as by the said inventory and appraisement, reference being thereunto had, will more fully appear. And *whereas, also*, afterwards, *to wit*, on March 18, 1847, one John O. Condict sued and prosecuted, out of the said Supreme Court of Judicature, against the said C. S. and one Patrick O'Hagan, a certain other writ of attachment, directed to the said sheriff of, &c., whereby the said sheriff of, &c., was commanded to attach the said C. S. and P. O'H., by all their goods and chattels, rights and credits, moneys and effects, lands and tenements, and them safely keep, so that they be and appear before the justices of the said Supreme Court of Judicature, at Trenton aforesaid, on the second Tuesday of April then next, to answer unto the said J. O. C. of a plea, &c. ; which said writ of attachment was afterwards, *to wit*, at

Trenton aforesaid, duly in due form of law delivered to the said H. D. F., sheriff of, &c., to be executed according to law.

By virtue of which said writ of attachment, last mentioned, the said H. D. F., so being sheriff as aforesaid, and before the return of the said writ of attachment, *to wit*, on March 19, 1847, at &c., according to the form of the statute in such case made and provided, did seize and attach the said personal property of the said C. S., above mentioned, and also all the right, interest, claims, and demands which the said P. O'H. then had in the said first mentioned attachment against the said C. S., and also all the lien and claim of the said P. O'H. in and upon the property, goods, and chattels levied, seized, and taken by the said sheriff by virtue of the said writ of attachment first mentioned, as by the return of the said sheriff, and the inventory and appraisement annexed to and returned with the said last mentioned writ of attachment, reference thereunto being had, will more fully and at large appear ; which said property, including the said right, interest, claims, and demands, and lien, were, by the said sheriff and one discreet and impartial freeholder, justly and truly inventoried and appraised, according to the statute, at the sum of $3415.34.

And at the return of the said writs of attachment, above mentioned, the said defendant, C. S., intending to appear to the said attachments, according to the form of the statutes in such case made and provided, the said defendant, C. S., and the said Jonathan C. Bonnel, then and there, *to wit*, on April 6, 1847, at Trenton aforesaid, by their certain writing obligatory, sealed with their seals, and now shown to our said court, the date whereof is a certain day, therein mentioned, *to wit*, the day and year last aforesaid, made and executed, in pursuance of the statute in such case made and provided, acknowledged themselves to be held and bound unto the said H. D. F., sheriff of, &c., in the said sum of $7000, to be paid to the said H. D. F., his executors, administrators, and assigns ; which said writing obligatory was and is subject to a certain condition, thereunder written, whereby, after reciting to the effect following, *to wit*, that whereas a certain writ of attachment had then lately issued out of the Supreme Court of Ju-

dicature of the state of New Jersey, at the suit of P. O'H., against the said C. S., by virtue whereof the said sheriff of the said county did seize and attach certain personal property of the said C. S., to wit, &c., which had been appraised and valued at $3414.14. And whereas, also, a certain other writ of attachment had then lately issued out of the said court against the said C. S., at the suit of J. O. C., by virtue whereof the said sheriff did seize and attach the said personal property of the said C. S., above (in the said bond) mentioned, and also all the right, interest, claim, and demand which the said P. O'H. then had in the said first mentioned attachment against the said C. S., and also all the lien and claim of the said P. O'H. in and upon the property, goods, and chattels levied, seized, and taken by the said sheriff by virtue of the said writ of attachment first mentioned; which said property, including the said right, interest, claim, demand, and lien, were appraised at the sum of $3415.34. And whereas the said C. S. intended to appear to the said attachments, it was conditioned that if the said C. S., his executors or administrators, should return the goods and chattels, rights and credits, moneys and effects, seized and attached by virtue of such writs of attachment, in case judgment should be rendered for the plaintiffs, or either of them, the said obligation to be void, otherwise to remain in force, as by the said writing obligatory, and the condition thereof, reference thereunto had, will more fully and at large appear.

And the plaintiff in fact saith, that the said defendant, C. S., having entered his appearance to the said attachment, and given bond, pursuant to the statute in such case made and provided, the said writs of attachment, and all the proceedings thereon, were by the said Supreme Court afterwards, to wit, in the term of April, in the year of our Lord 1847, set aside, and the property held in the hands of the said sheriff, under such attachment, was discharged from the custody of the said sheriff.

And the plaintiff further in fact saith, that afterwards, to wit, at the term of April, in the year of our Lord 1847, at Trenton aforesaid, the said C. S. did appear and accept a de-

claration, at the suit of James Hanness, the plaintiff, one of the creditors of the said C. S., and who had applied to the said court to audit and adjust the demands of him, the said J. H., against the said C. S.; the said C. S. having entered into bonds, as aforesaid, the said writs of attachment, and all proceedings thereon, as to the suit of the said J. H. against the said C. S., and wherein and to which said suit the appearance of the said C. S., as aforesaid, was entered, were then and there set aside.

And such proceedings were thereupon had, in the said suit of the said J. H. against the said C. S., in our said Supreme Court of Judicature, at Trenton aforesaid, that afterwards, *to wit*, in the term of April, in the year of our Lord 1848, in our said Supreme Court of Judicature, at Trenton aforesaid, by the consideration and judgment of the same court, the said J. H. did recover, against the said C. S., the sum of $488.32, which, in and by the said court, were adjudged to the said J. H., the plaintiff, for his damages which he had sustained, as well by occasion of the non-performances by the said C. S., of certain promises and undertakings then lately made by the said defendant, C. S., to the said J. H., as for his costs, &c., whereof the said defendant, C. S., was convicted, as by the record thereof, remaining in our said Supreme Court of Judicature, at Trenton aforesaid, more fully appears; which said judgment still remains in full force, not reversed, satisfied, or otherwise vacated.

And although judgment hath been given in the said cause in the said Supreme Court of Judicature, at Trenton aforesaid, against the said C. S., and in favor of the said J. H., a creditor of the said C. S., under the said attachments, and to whose suit the said C. S. did appear, and accept a declaration as aforesaid; and although the said judgment of the said J. H. against the said C. S. yet remains in our said Supreme Court of Judicature, at Trenton aforesaid, in full force, not reversed, satisfied, or otherwise vacated, yet the said C. S. hath not returned the goods and chattels, rights and credits, moneys and effects, seized and attached by virtue of the said writs of attachment in the said writing obligatory mentioned, but the said C. S. hath hitherto wholly neglected and refused, and

still doth neglect and refuse, so to do, by means of which said several premises the said writing obligatory hath become forfeited.

And the said plaintiff further saith, that the said writing obligatory, being so forfeited as aforesaid, and the moneys therein specified remaining unpaid and unsatisfied to the said sheriff, he, the said H. D. F., so being sheriff of, &c., afterwards, *to wit*, on February 7, 1849, *to wit*, at Trenton aforesaid, on the application of the said J. H., an applying creditor of the said debtor C. S., the defendant in the said attachments, *by an endorsement on the said writing obligatory, duly made and attested in the presence of*, and attested by two credible witnesses, and sealed with the seal of the said H. D. F., sheriff of, &c., assigned the said writing obligatory, by the order and direction of the said Supreme Court of Judicature, made at the term of January, in the year of our Lord 1849, and without fee or reward to the said J. H., according to the form of the statute in such case made and provided, as by the said assignment, endorsed on the said writing obligatory as aforesaid, and now to the court here shown, the date whereof is the same day and year last aforesaid, reference being thereunto had will more fully and at large appear; by means whereof, and by force of the statute in such case made and provided, an action hath accrued to the plaintiff, assignee as aforesaid, to demand and have of and from the said defendants the said sum of $7000, above demanded; yet the said defendants, although often requested so to do, have not, as yet, paid the said sum of $7000, above demanded, or any part thereof, to the said H. D. F. before the said assignment, or to the said plaintiff or the said H. D. F., or either of them, since the said assignment, but have hitherto wholly neglected and refused so to do, and still do neglect and refuse to pay the same, or any part thereof, to the plaintiff, assignee as aforesaid, to the damage of the said J. H., the plaintiff, of $7000, and therefore he brings suit, &c.

The defendant, Bonnel, filed a general demurrer to the plaintiff's declaration, and upon the issue formed by this, the argument came on before the CHIEF JUSTICE and CARPENTER, J.

*J. J. Scofield*, in support of the demurrer.

The bond must be taken strictly. The condition is, that the goods shall be returned, if judgment should be rendered for the plaintiff. It does not appear that any judgment was rendered in favor of the plaintiff in the attachment. Although the bond is taken for the benefit of all creditors, the suit can only be maintained in case the plaintiff should recover. The court will not resort to construction for the purpose of charging a surety. As in other cases, the rights of the other creditors are staked on the success of the plaintiff in attachment, who may fail in his action or be non-prossed. The 28th section (*Rev. Stat.* 54) guards against a discontinuance, but not against a non-pros.

2. It does not appear that Hanness filed his claim, or that Smith appeared prior to setting aside the writ of attachment. The time is not stated when Hanness filed his claim.

3. It does not appear that any execution was ever issued, or any legal demand made for the property before this suit was brought. There is no breach until a delivery has been refused to an officer entitled to receive them, under and by virtue of a writ of execution. Until such writ issues upon the judgment, there is no possibility of a return, for there is no one entitled to receive them. They could not be tendered to the creditor. The bond was for a return of the goods to the officer to satisfy an ascertained claim, of which the officer could know nothing until the writ was first placed in his hands.

4. There were two writs of attachment issued, and it does not appear under which Hanness filed his claim.

5. It does not appear what creditors presented their claims, or what action was had on them, if presented. This is necessary, because there can be but one breach, and the whole damages must be at one time assigned. There can be but one recovery for the benefit of all the creditors. There can be but one breach, failure to return the goods, and the damages cannot exceed the appraised, or at any rate the real value of the goods. Until judgment in any suit, the bond cannot be prosecuted, because there is no way of ascertaining how much is

due to each creditor but by the judgment. Is the money to be had, and the court then to appropriate?

There is serious embarrassment in this case, from one bond having been given upon two different writs, but no question is now intended to be raised upon this point.

*J. Wilson,* contra.

At the April term, 1847, of the Supreme Court, two writs of attachment were returned : 1st, *O'Hagan* v. *Smith,* and 2d, *Condit* v. *Smith and O'Hagan.* At that term several creditors applied and filed claims, among them was James Hanness. At the same term Charles Smith appeared, and desired to have the attachment against him set aside. He tendered a bond, which the court approved, and the property attached was ordered to be delivered up.

Hanness came in and filed his declaration, which Smith accepted and pleaded to. O'Hagan did not come in, and no notice was taken of him. [*Scofield.* The declaration shows that O'Hagan's property was given up.] There was no property of O'Hagan's to be given up, unless his rights under the first writ.

The suit upon the issue between Hanness and Smith went down to the circuit for trial, when Smith gave a *relicta,* damages to be assessed at bar, which was accordingly done. Upon the judgment thereupon rendered an execution issued, directed to the coroners, to which a return *nulla bona* was made. Application was then made to this court to order the bond to be assigned for the benefit of the creditors, it being shown, by affidavit, that a notice had been served on Bonnel, reciting the judgment and execution, and requiring a redelivery of the property, and his refusal. The bond was tendered by the defendants without the knowledge of the creditors, and approved by the court. If objectionable in form, or because it recites two writs, still the defendants ought not to be permitted to object to its validity. The creditor was appointed assignee by the court, for the purpose of bringing this suit. Judgment was taken by default against Smith at the last term. The surety has filed a general demurrer.

1. I deny the narrow construction contended for. The last section of the act (*Rev. Stat.* 63) says, it shall be construed in the most liberal manner, for the detection of fraud, the advancement of justice, and the benefit of the creditors. The writ is issued for the benefit of all the creditors. The bond is taken for the benefit of all the creditors, the property being given up, and it is for their return in case judgment should be given for any plaintiff who, having first duly applied, files his declaration.

2. It does appear that Hanness had applied prior to setting aside the writ; certainly it sufficiently appears upon general demurrer.

3. As to the third ground, the breach is laid as broad as the condition, and according to the terms of the statute. The matter, if necessary, is matter of evidence at the trial. But the parties are bound to take notice of the judgment. The condition of the bond was to return the goods, if judgment should be rendered for the plaintiff.

4. It is not necessary that it should appear in which writ the appearance was made. Perhaps it does appear in this case.

5. It is attempted to be urged, that each and every creditor must wait for all the other creditors. But the condition of the bond is broken, and the bond is forfeited, and consequently an action may be maintained as soon as a recovery has been had by any one creditor. The court will hold the fund for the benefit of all the creditors.

CARPENTER, J., delivered the opinion of the court.

The declaration in this case is upon an attachment bond given by Smith and his surety, Bonnel, upon the appearance by the former to two several writs of attachment issued out of this court, one against Smith alone, the other against Smith and one O'Hagan. The proceeding undoubtedly was not a little irregular. A bond should have been given in each suit, and the appearance in the second suit should regularly have been by both defendants in the writ of attachment, and not by Smith alone. The second writ of attachment must necessarily have

proceeded upon the ground of a joint indebtedness by Smith and O'Hagan to the plaintiff in that writ, and the writ should have been dissolved upon the appearance of both defendants, and after giving such bond, as is prescribed by the statute. But by some oversight, upon the *ex parte* application of Smith, this bond was accepted and approved by the court, and the property attached was ordered to be delivered up. We do not, however, see why it may not be considered as a valid bond, at any rate under the first writ against Smith alone. The bond having been so imposed upon the creditors of Smith, who have applied under that writ, certainly the court will not permit him or his surety to dispute its validity, if, upon any reasonable construction, it can be sustained. If the condition be within the provisions of the statute, it will not be vitiated because of the unnecessary or improper recital of another writ, or because it also contains provisions applicable to such writ. Surplusage will not vitiate.

If the bond be good, and indeed its validity has not been questioned, then the inquiry is, has it been forfeited? One Hanness, a creditor of Smith, applied to this court, at the same term of April, to have his claim audited and adjusted. It is said it does not appear under which writ he applied. We apprehend that it does appear. The writs of attachment were dissolved, upon the condition that the defendant, Smith, would appear and accept a declaration at the suit of each applying creditor. He did in fact appear and accept a declaration of Hanness, who had previously applied to have his demand audited and adjusted. Demand against whom? Not against Smith and O'Hagan, but against Smith alone, and therefore necessarily under the first writ of attachment issued against Smith. The declaration (as well as the recitals in the bond) is encumbered by irrelevant and improper statements in regard to the second writ of attachment, but we are disposed to consider these statements as surplusage, and the declaration in this respect good on general demurrer.

There is nothing in the objection taken, that it does not appear when Hanness applied, or that it was before the giving of the bond. Smith, the defendant, according to the condition

of the bond, accepted a declaration at his suit, and it is too late now to raise any objection as to the time and mode of the application. If, however, any objection could be taken to the averment in the declaration, it is merely formal, and cannot be raised on general demurrer.

The act is to be construed liberally. The bond was taken, not for the security only of the plaintiff named in the writ, but of all the applying creditors. Such construction is to be adopted as will effectuate the object of the statute, if consistent with its terms. The condition is for the return of the goods, &c., seized under the writ, in case judgment should be rendered for the plaintiff. Upon the obvious intent of the statute, it may reasonably be held to mean any plaintiff, who, as an applying creditor, may have filed his declaration, and whose suit has proceeded to judgment. The objection, therefore, will not avail, that it does not appear that the plaintiff named in the writ of attachment had recovered a judgment.

Nor is the objection valid, that it does not appear what creditors have applied, or what action was had on their claims. The suit, it is true, is brought for the benefit of all the creditors, the bond being sued upon for their use by such person as the court may have directed, and to whom the bond is assigned for that purpose. The recovery of the damages is of course limited to the value of the goods, &c., to secure the return of which the bond was given. The bond is forfeited if the goods are not returned, judgment having been secured in any one suit. The recovery being had, the appropriation will be a matter for the court in some subsequent proceeding, upon application by those creditors who may be entitled to share the proceeds.

The breach laid in the declaration is in the words of the condition, and sufficient as a question of pleading. If it is necessary to issue an execution before the return of the goods can be legally demanded, it seems, as urged by the counsel of the plaintiff, to be a matter of evidence, and not of pleading.

The demurrer must be overruled, and judgment for the plaintiff, unless the defendant shall ask leave to withdraw the demurrer on the usual terms.